**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILBERT BEST, | : | |
| | : | Civil Action No. 14-690 (MAS) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MR. BERNARD GOODWIN, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> WILBERT BEST, Plaintiff pro se
> # 660635
> Northern State Prison
> P.O. Box 2300
> Newark, New Jersey 07114

**SHIPP**, District Judge

Plaintiff, Wilbert Best, a state inmate confined at the Northern State Prison in Newark, New Jersey, at the time he filed this Complaint, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence and prison account statement, the Court will grant Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint accordingly.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief

from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed for failure to state a claim.

## I. BACKGROUND

Plaintiff, Wilbert Best ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 1983, alleging civil rights violations against Defendants, Bernard Goodwin, Administrator at the Garden State Youth Correctional Facility ("GSYCF"); the Medical Staff at GSYCF; and the New Jersey Department of Corrections ("NJDOC"). (ECF No. 1, Complaint at Caption, ¶¶ 1a, 4b-c and 6.) Plaintiff alleges that on March 15, 2012, he was playing basketball in the GSYCF gym when a piece of wood flooring popped up causing Plaintiff to fall on his wrist. Plaintiff received medical attention by the GSYCF medical staff and was told that his wrist was sprained. He was prescribed pain medication. However, Plaintiff alleges that the pain persisted so he continued to file medical forms for treatment. Plaintiff further alleges that he was told that "a number of x-ray results were negative" for a fracture. (*Id.*, Compl., ¶ 6.) "After more pain medication and negative x-ray results[, Plaintiff] informed the medical staff that [he] intended to get his family involved." (*Id.*) Plaintiff was sent to the St. Francis Hospital in Trenton, New Jersey, and a medical evaluation revealed that Plaintiff had a fractured wrist. Plaintiff had surgery with screws placed in his wrist. He complains that he has limited use of his wrist and it is still painful at times. (*Id.*)

Plaintiff seeks $500,000.00 in compensatory damages for pain and suffering as a result of the "negligence [he] endured thanks to Mr. Goodwin, GSYCF medical staff and [the] NJDOC." (Id. at ¶ 7.)

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. Specifically, the PLRA directs the district court to screen the complaint for cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*, 556 U.S. at 676). *See also Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) ("The touchstone of the pleading standard is plausibility. ... "[A]llegations that are no more than conclusions are not entitled to the assumption of truth; ... [a court should] "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'") (citations omitted). In short, "[a] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Iqbal*, 556 U.S. at 678-79). Thus, while pro se pleadings are

liberally construed, *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 20011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability requirement." *Covington v. International Association of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

## III. SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. DISCUSSION

### A. Supervisor Liability Claim

It has been long established that claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009); *see also Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991); *accord Solan v. Ranck*, 326 F. App'x 97, 100–01 (3d Cir. 2009) (holding that "[a] defendant in a civil rights

4

action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"), *cert. denied*, 558 U.S. 884 (2009). Here, Plaintiff's complaint does not allege any direct or personal involvement by Administrator Bernard Goodwin other than in his capacity as the administrator at GSYCF. Indeed, Plaintiff simply states that Goodwin is responsible for providing a "safe and healthy environment" for inmates. (ECF No. 1, Compl. at ¶¶ 4b, 6.) Therefore, Plaintiff's claim against Goodwin must be dismissed because it rests impermissibly on a theory of supervisory liability.

B. Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." As a general rule, a suit by private parties seeking to impose a liability that must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. *See, e.g., Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Rivers v. SCI Huntingdon Prison*, 532 F. App'x 91, 93 (3d Cir. 2013). Thus, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against that state or any one of its agencies. *Wisconsin Dept. of Corrections, supra; Rivers, supra*. Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 340–41 (1979); *Ellington v. Cortes*, 532 F. App'x 53, 56 (3d Cir. 2013).

Here, the NJDOC is a state entity or agency of the State of New Jersey. *See* N.J. Stat. Ann. 30:1B (establishing "in the Executive Branch of the State Government a principal

5

department which shall be known as the Department of Corrections."). Accordingly, the Complaint against the NJDOC is barred by the Eleventh Amendment and should be dismissed with prejudice accordingly, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b) (2).

C. Denial of Medical Care Claim

A convicted prisoner bringing a claim for denial of reasonable medical care under § 1983 must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (evaluating prisoner claims under the Eighth Amendment). Thus, to establish an Eighth Amendment violation, Plaintiff must demonstrate: (1) a serious medical need; and (2) that the defendants were deliberately indifferent to that need. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *see also Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir.2004). A medical need is serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Jackson v. Ivens*, 565 F. App'x 115, 117 (3d Cir. 2014) (citation omitted). Deliberate indifference typically may be established by a prison official "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* (citing *Estelle*, 429 U.S. at 104–05). In other words, "[a] prison official acts with deliberate indifference to an inmate's serious medical needs when 'he knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists.'" *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer*, 511 U.S. at 837); *accord Ordonez v. Yost*, 289 F. App'x 553, 555 (3d Cir. 2008) ("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons"); *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993) (facts plausibly showing

6

a denial of prescribed medical treatment or a denial of reasonable requests for treatment that results in suffering or risk of injury state a viable claim).

However, "claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse*, 182 F.3d at 197; *Estelle*, 429 U.S. at 105 (noting that "in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind'"). "Deliberate indifference, therefore, requires obduracy and wantonness, which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." *Rouse*, 182 F.3d at 197 (internal citations and quotations omitted). Courts "will generally not find deliberate indifference when some level of medical care has been offered to the inmate." *Christy v. Robinson*, 216 F. Supp.2d 398, 413–14 (D.N.J. 2002). *See also DeJesus v. Correctional Medical Services, Inc.*, --- F. App'x ----, 2014 WL 3734561, *2 (3d Cir. Jul. 30, 2014) (holding that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law").

In this case, Plaintiff's allegations fail to establish deliberate indifference on the part of the GSYCF medical staff. Plaintiff admits that he received medical treatment promptly and that repeated x-rays were taken that did not reveal any fractures. Thus, Plaintiff received medical attention, *albeit* not to his preference. Moreover, Plaintiff's allegations show medical negligence at most, namely, that the previous x-rays failed to reveal a fracture. As observed above, medical malpractice or negligence do not constitute deliberate indifference necessary to support an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105; *DeJesus*, 2014 WL 3734561 at *2.

Therefore, this action is dismissed with prejudice, as against the remaining Defendants, the GSYCF Medical Staff, for failure to state a cognizable § 1983 claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## V.  CONCLUSION

For the reasons set forth above, the Complaint is dismissed with prejudice, in its entirety, as against all named Defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii), (iii) and 1915A(b)(1), (2).  An appropriate order follows.


_____
MICHAEL A. SHIPP
United States District Judge

Dated:  10/1/14